NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**PETER H. BEER, TERRY J. HATTER, JR., RICHARD A. PAEZ, LAURENCE H. SILBERMAN, A. WALLACE TASHIMA AND U. W. CLEMON,**
*Plaintiffs-Appellants,*

**v.**

**UNITED STATES,**
*Defendant-Appellee.*

---

2010-5012

---

Appeal from the United States Court of Federal Claims in case no. 09-CV-037, Senior Judge Robert H. Hodges, Jr.

---

Before RADER, *Chief Judge*, NEWMAN, MAYER[*], LOURIE, BRYSON, LINN, DYK, PROST, MOORE, O'MALLEY, REYNA, and WALLACH, *Circuit Judges.*

PER CURIAM.

## O R D E R

A petition for rehearing en banc was filed by Plaintiffs-Appellants and a response thereto was invited by the court and filed by Defendant-Appellee.

The petition for rehearing was referred to the panel that heard the appeal, and thereafter the petition for rehearing en banc, response, and briefs amici curiae were referred to the circuit judges who are authorized to request a poll of whether to rehear the appeal en banc. A

---

[*] Judge Mayer participated in the decision on panel rehearing.

poll was requested, taken, and the court has decided that the appeal warrants en banc consideration.

Upon consideration thereof,

IT IS ORDERED THAT:

(1) The petition of Plaintiffs-Appellants for panel rehearing is denied.

(2) The petition of Plaintiffs-Appellants for rehearing en banc is granted.

(3) The court's opinion of February 17, 2012 is vacated in part, and the appeal is reinstated.

(4) The parties are requested to file new briefs addressing the following issues:

a. Does the Compensation Clause of Article III of the Constitution prohibit Congress from withholding the periodic salary adjustments for Article III judges provided for in the Ethics Reform Act of 1989?

b. For purposes of the Compensation Clause, is there any difference between years 1995, 1996, 1997, and 1999, before the 2001 amendment to section 140 of Pub. L. 97-92, and the years thereafter?

c. The court will entertain any arguments the parties regard as important to the issues raised in the petition. However, the court does not wish to entertain briefing on the issue of preclusion, which the en banc court regards as having been resolved by the panel decision of February 17, 2012.

(5) This appeal will be heard en banc on the basis of additional briefing ordered herein and oral argument. An original and thirty copies of en banc briefs shall be filed, and two copies of each en banc brief shall be served on opposing counsel. Plaintiffs-Appellants' en banc brief is due 45 days from the date of this order. The en banc response brief is due within 30 days of service of the Plaintiffs-Appellants' en banc brief, and the reply brief within 15 days of service of the response brief. Briefs shall adhere to the type-volume limitations set forth in

Federal Rule of Appellate Procedure 32 and Federal Circuit Rule 32.

(6) Briefs of amici curiae will be entertained, and any such amicus briefs may be filed without consent and leave of court but otherwise must comply with Federal Rule of Appellate Procedure 29 and Federal Circuit Rule 29.

(7) Oral argument will be held at a time and date to be announced later.

FOR THE COURT


May 18, 2012                    /s/ Jan Horbaly
Date                           Jan Horbaly
                               Clerk


cc: Christopher Landau, Esq.
    Brian M. Simkin, Esq.
    Erin M. Dunston, Esq.
    Lawrence M. Friedman, Esq.
    Rebecca K. Wood, Esq.
    Jeffrey A. Lamken, Esq.
    Aaron M. Panner, Esq.